IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EARNEST[1] ALMANZA,

        Plaintiff,

v.                                       CIV 03-404 KBM/LCS

COUNTY OF LUNA, and
MARTIN MILLER, in his individual
 and official capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff, a Hispanic male, was hired as a truck driver for Luna County in February 2001 on a six-month probationary period.  The County's Road Superintendent, Defendant Miller, fired Plaintiff three months later.  The decision to fire Plaintiff was triggered when it was found that he and his Anglo coworker were found to have taken the county truck to a convenience store, which is an "improper location" and violation of county policy.  The coworker was not fired as a result of this incident, although he was later fired for other infractions.  Plaintiff alleges that he was fired over the incident because he is Hispanic, in violation of Title VII, the federal constitution (presumably under § 1983), and state law.  *See Doc. 1.*

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment.  *See Docs. 6, 15, 17.*   The matter

---

[1]  Although the Complaint shows this spelling for Plaintiff's first name, it is clear from the exhibits on file that "Ernest" is the correct spelling.

is before the Court on Defendants' Motion For Summary Judgment. *Doc. 22.* Summary

judgment should be granted if "the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law." FED. R.

CIV. P. 56(c). The Court must "view the evidence and draw any inferences in a light most

favorable to the party opposing summary judgment, but that party must identify sufficient

evidence" that would justify sending the case to a jury. *Williams v. Rice*, 983 F.2d 177, 179 (10th

Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986)). Indeed,

summary judgment

> is properly regarded not as a disfavored procedural shortcut, but
> rather as an integral part of the Federal Rules as a whole, which are
> designed "to secure the just, speedy and inexpensive determination
> of every action.". . . Rule 56 must be construed with due regard
> not only for the rights of persons asserting claims and defenses that
> are adequately based in fact to have those claims and defenses tried
> to a jury, but also for the rights of persons opposing such claims
> and defenses to demonstrate in the manner provided by the Rule,
> prior to trial, that the claims and defenses have no factual basis.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

For all of the reasons raised by Defendants, which I incorporate herein by reference, I find

that the Title VII claim is untimely and that Plaintiff fails to sustain his burden of producing

evidence that establishes a genuine issue of material fact as to discriminatory motive.

Accordingly, Defendants are entitled to summary judgment on all of the claims, and the  pretrial

conference and trial will be vacated.  I supplement Defendants' analysis with a few observations.

**Time-Barred Title VII Claim.**

After reviewing the Albuquerque EEOC's favorable reasonable cause determination, the

Department of Justice ("DOJ") declined to file suit and sent Plaintiff a right to sue letter dated November 28, 2002.  The letter was sent certified mail, with return receipt requested.  By a letter of the same date, the DOJ notified the Albuquerque EEOC that it had so declined, had issued the right to sue letter, and was returning the file.  *See Doc. 25,* Exhs. A-C.

There is no dispute that the post office delivered the letter or that Plaintiff received it.  Although Almanza does not tell us the date he personally received the right to sue letter, he does not assert that his Complaint was filed within ninety days of that receipt.  Instead, Plaintiff's attorney asserts that he served as the attorney for Plaintiff during the EEOC proceedings, but that ***counsel*** did not receive his copy of the letter until January 9, 2003.  Plaintiff agues that based on the attorney receipt date, the federal complaint was due April 8, 2003 and, being filed April 1, 2003, was timely.  He further asserts that the EEOC violated its own policy by waiting to send counsel's copy until January 2003.  He cites no legal authority supporting his arguments.

The relevant EEOC policy I have found states that the claimant must notify the EEOC that an attorney is the designated representative for service.  Only then will certain time frames run from an attorney's receipt.

> (d)  Unless the complainant states otherwise in writing, after the agency has received written notice of the name, address and telephone number of a representative for the complainant, all official correspondence shall be with the representative with copies to the complainant.  When the complainant designates an attorney as representative, service of all official correspondence shall be made on the attorney and the complainant, but time frames for receipt of materials shall be computed from the time of receipt by the attorney.  The complainant must serve all official correspondence on the designated representative of the agency.

29 C.F.R. § 1614.605 (d).  Yet even if I assumed that Plaintiff's Exhibit A establishes that

Almanza took the necessary steps to designate his attorney as the representative for service under the 29 C.F.R. § 1614.605 (d), his argument is without merit.  That sub-section speaks in terms of "time frames for receipt of **_materials_**."   The following subsection, however, more specifically provides that "[]the Complainant shall at all times be responsible for proceeding with the **_complaint_** whether or not he or she has designated a representative."  29 C.F.R. § 1614.605(e) (emphasis added).

The right to sue letter is prominently entitled "NOTICE OF RIGHT TO SUE WITHIN 90 DAYS" and further expressly notifies Plaintiff that any "suit must be filed in the appropriate court within 90 days of your receipt of this Notice.  *Doc. 25,* Exh. C (emphasis original).  The very next sentence states, "Therefore, you should consult an attorney of your own choosing at your earliest convenience."  *Id.*  The letter further informed Plaintiff that the files the DOJ had received from the Albuquerque EEOC officer were being returned there.  *Id.*

Where a claimant receives an unambiguous right to sue letter but does not commence an action within ninety days of receipt, the action is time-barred.  Equitable tolling is not applicable, regardless of whether the claimant's attorney also should have or did receive the letter.  A number of courts including the Tenth Circuit have so held.[2]

For example, a relatively recent decision, *McKay v. England*, 2003 WL 1799247 (D.D.C. 2003), granted summary judgment in favor of defendant where there was no dispute that claimant received right to sue letter, but argued that period should run from later date that his attorney

_____

[2]  In an unpublished order and judgment, the Tenth Circuit noted that "Mr. Baker had personal notice of his 1994 right to file a complaint and was 'responsible for proceeding with the complaint whether or not he . . . [had] designated a representative.'"  *Baker v. Runyon*, 113 F.3d 1245 (Table), 1997 WL 235281 (10th Cir. 1997).

received the letter.  Among other decisions, *McKay* discussed Supreme Court, Seventh Circuit and Tenth Circuit precedent contrary to the claimant's assertion.[3]  As the *McKay* court quoted from *Noe v. R.A. Ward,* 754 F.2d 890, 892 (10th Cir. 1985), "Plaintiff herself received notice more than 90 days before suit was filed.  She may not now complain that the 90 days did not begin to run until the receipt of the 'Right to Sue' letter by her attorney seven days later.").

        *McKay* further relied on a decision out of the District of Kansas, *Carney v. City of Shawnee, Kan.,* 24 F. Supp. 23 1185, 1189 (D. Kan 1998).  In *Carney,* the claimants received the right to sue letter but counsel, who had specifically requested a copy of the letter, did not receive a copy.  The *Carney* court found the belated filing inexcusable because under subpart (e) of the regulation above, claimants are responsible for initiating a timely complaint.  Moreover, under Tenth Circuit precedent equitable tolling is not justified, even if the "'EEOC violated its own regulations by failing to send a copy of the right to sue letter to [claimant's] attorney.'"  *Id.* at 1189 (quoting *Biester v. Midwest Health Servs., Inc.,* 77 F.3d 1264, 1269 n.2 (10th Cir. 1996)).  Consequently, I find Plaintiff's arguments here unavailing.

**The EEOC Reasonable Cause Determination Is Not Dispositive.**

        Road Superintendent Martin Miller made the decision to terminate Almanza's employment.  Miller's affidavit gives legitimate, nondiscriminatory reasons why he decided to fire Plaintiff after the "improper location" incident.

        Miller's affidavit states that the incident prompted him to have a discussion with Plaintiff's

---

        [3]  Indeed, as the *McKay* court reasoned, "Taken to an extreme, plaintiff's application of 29 C.F.R. § 1614.605(d) would mean that had his attorney never received notice, the 90-day time period would never have begun running. This unacceptable, illogical result shows the error of plaintiff's reliance on the regulation."  *Id.* at n.1.

Hispanic supervisors.  These supervisors recommended termination because of prior problems

with Almanza's repeated unauthorized use of a CB radio and being unwilling to pay attention.

Miller also knew that Plaintiff had been previously cited for speeding while driving a county truck.

Although Plaintiff had blamed the incident on a truck malfunction, Miller found that explanation

to be false.

     The evidence before me is sufficient to establish that Miller decided to terminate Plaintiff

based on his own experiences with Plaintiff and the recommendations of his supervisors, not

simply the "improper location" incident.  Thus, Defendants have come forward with admissible

evidence that Plaintiff's ethnicity was not a factor in Miller's decision.  Indeed, Plaintiff was

replaced with another Hispanic male.  *See Doc. 24,* Exh. A.

     Miller further testifies that he did not fire the Anglo coworker over the "improper

location" incident because, at that time, the coworker did not have a similar "history of

unsatisfactory performance."  *Id.*, ¶ 14.  Instead, the coworker received an admonition but was

subsequently fired for other reasons.  He, too, was replaced by a Hispanic male.  *See id.,* ¶¶ 15-

16.

     Miller's affidavit forms the basis of Defendants' statement of material facts.  *See Doc. 23*

at 2-4.  As Defendants note in their reply, Plaintiff does not contradict these assertions in any

***material*** respect, much less support his own "contested material facts" with any affidavit or

deposition excerpt.  Significantly, he does not deny or in any way challenge the assertion that he

received a speeding ticket while driving a county vehicle during his probationary period, that

Miller knew he had received it, and that Miller relied on the ticket as a basis for his decision to fire

Plaintiff.  Plaintiff instead rests on wholly unsupported denials, coupled with one piece of evidence

– the EEOC's reasonable cause determination.  That is insufficient to sustain his burden under Rule 56.

I recognize that one Tenth Circuit decision holds this Court must consider an EEOC determination of reasonable cause on summary judgment.  *See Cervantes v. Wal-Mart Stores, Inc.,* 1 Fed. Appx. 762, 766 (10th Cir. 2001).  It does so based on a 1972 Fifth Circuit decision that noted EEOC determinations are "'highly probative of the ultimate issue.'"  *Id.* at 765 (quoting *Smith v. Universal Servs., Inc.,* 454 F.2d 154, 157 (5th Cir. 1972)).  However, while the probative value of the determinations may render them admissible at trial, the same Fifth Circuit decision also specifically holds that EEOC determinations are not binding or entitled to any special weight.  "[T]he [EEOC] report is in no sense binding on the district court and is to be given no more weight than any other testimony."  *Id.; see also e.g., Lindsey v. Prive Corp.,* 161 F.3d 886, 894 (5th Cir. 1998).

Furthermore, in a prior published opinion, the Tenth Circuit held as follows:

> Finally, Mr. Simms makes much of the fact that the EEOC had issued a favorable letter of determination regarding his claim of race-based failure to promote, and that he had presented the letter to the district court.  However, ***when the independent facts before the district court judge fail to establish a genuine issue of material fact, a favorable EEOC letter of determination does not create one*** . . . .
>
> Even considering Mr. Simms' circumstantial evidence in its totality, . . . plaintiff has provided insufficient evidence for a reasonable jury to conclude that defendant's proffered reason for not promoting Mr. Simms – that Mr. Valley was more qualified – was unworthy of belief.  Consequently, plaintiff has failed to meet his burden of production and the district court appropriately granted summary judgment in favor of defendant on Mr. Simms' race discrimination claim.

*Simms v. Oklahoma ex rel. Dept. of Mental Health and Substance Abuse Services,* 165 F.3d 1321, 1331 (10th Cir.) (citations omitted and emphasis added), *cert. denied,* 528 U.S. 815 (1999).

I have the same situation here, a failure of production on the part of Plaintiff with only a favorable EEOC reasonable cause determination as evidence of the merits of his allegations. Moreover, the EEOC determination itself vague and conclusory as to the basis for its issuance. Consequently, I find that Defendants' motion should be granted here as it was in *Simms.*

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.  Defendants' Motion For Summary Judgment *(Doc. 22)* is GRANTED;

2.  The Complaint will be dismissed with prejudice;

3.  The pretrial conference and jury trial scheduled for June 22, 2004 and August 9, 2004, respectively, are VACATED; and

4.   A final order will enter concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.

8